UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.: 6:15-cv-572-ORL-31 KRS

CLASS/COLLECTIVE ACTION

JOSE LUIS SANCHEZ CORDERO,
LUIS G. MONTANEZ,
ALEX A. WARNER,
BRIAN J. NAZAR, Individually
and on behalf of all those similarly
situated,

                Plaintiffs,

vs.

MASTEC, INC., a Florida for
profit company and AT&T DIGITAL
LIFE, INC. a foreign for profit corporation,

                Defendants.
_____/

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR, individually and on behalf of all other similarly situated employees (hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, hereby file their Collective Action Complaint and Demand for Jury Trial against MASTEC, INC. and AT&T DIGITAL LIFE, INC. (referred to at times as "Defendants"), and state as follows:

1

## I. INTRODUCTION

1. This is a collective action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

2. The FLSA prevents the exploitation of workers who are in an unequal position with their employers with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3. Plaintiffs bring this action on behalf of themselves as well as other similarly situated employees who were employed by MASTEC, INC. at its Florida locations and who performed communication installations for AT&T DIGITAL LIFE, INC., to include installing home security systems and home automation systems. MASTEC, INC. sometimes referred to these employees as "technicians." (hereinafter "technicians").

4. Plaintiffs will seek conditional certification and notice to an opt-in class of technicians pursuant to FLSA, 29 U.S.C. Section 216(b), who were employed by MASTEC, INC. in Florida, and as employees of MASTEC, INC. performed communication installations for AT&T DIGITAL LIFE, INC. during the three-year period preceding the filing of this Complaint.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 201.

6. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange, Seminole, and Osceola Counties, Florida. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to rule 1.02, Local Rules of the Middle District of Florida.

## III. THE PARTIES

7. Mr. SANCHEZ was employed by MASTEC, INC. at its location in Orlando, Florida.

8. MR. SANCHEZ was employed by MASTEC as a technician commencing approximately July 2013 until February 2015.

9. As a technician, MR. SANCHEZ's job duty was to perform communication installations for AT&T DIGITAL LIFE, INC., to include installing home security systems and home automation systems.

10. As a technician, MR. SANCHEZ was paid an hourly rate. He also received additional remuneration for being on call and for additional products ordered by AT&T DIGITAL LIFE, INC. customers.

11. MR. SANCHEZ was an employee of MASTEC, INC. and AT&T DIGITAL LIFE, INC. within the meaning of the law and the FLSA.

12. Mr. MONTANEZ was employed by MASTEC, INC. at its location in

Orlando, Florida.

13. MR. MONTANEZ was employed by MASTEC as a technician commencing approximately May 2014 until September 2014.

14. As a technician, MR. MONTANEZ's job duty was to perform communication installations for AT&T DIGITAL LIFE, INC., to include installing home security systems and home automation systems.

15. As a technician, MR. MONTANEZ was paid an hourly rate. He also received additional remuneration for being on call and for additional products ordered by AT&T DIGITAL LIFE, INC. customers.

16. MR. MONTANEZ was an employee of MASTEC, INC. and AT&T, DIGITAL LIFE, INC. within the meaning of the law and the FLSA.

17. Mr. WARNER was employed by MASTEC, INC. at its location in Orlando, Florida.

18. MR. WARNER was and is employed by MASTEC as a technician commencing approximately May 2014 until present.

19. As a technician, MR. WARNER's job duty was to perform communication installations for AT&T DIGITAL LIFE, INC., to include installing home security systems and home automation systems.

20. As a technician, MR. WARNER was paid an hourly rate. He also received additional remuneration for being on call and for additional products ordered by AT&T DIGITAL LIFE, INC. customers.

21. MR. MONTANEZ was an employee of MASTEC, INC. and AT&T

4

DIGITAL LIFE, INC. within the meaning of the law and the FLSA.

22. Mr. NAZAR was employed by MASTEC, INC. at its location in Orlando, Florida.

23. MR. NAZAR was employed by MASTEC as a technician commencing approximately July 2013 until September 2015.

24. As a technician, MR. NAZAR's job duty was to perform communication installations, to include installing home security systems and home automation systems, for AT&T DIGITAL LIFE, INC.

25. As a technician, MR. NAZAR was paid an hourly rate. He also received additional remuneration for being on call and for additional products ordered by AT&T DIGITAL LIFE, INC. customers.

26. MR. NAZAR was an employee of MASTEC, INC. and AT&T DIGITAL LIFE, INC. within the meaning of the law and the FLSA.

27. JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR at all times relevant to their employment with MASTEC, INC. and AT&T DIGITAL LIFE, INC. were individually engaged in the transmission of goods that were in the stream of commerce. At all times relevant to their employment, JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR also regularly used the instrumentalities of interstate commerce while performing their work. At all times relevant to their employment, JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN

J. NAZAR also regularly used the channels of commerce while performing their work.

28. The Defendant, MASTEC, INC. is a leading specialty contractor that designs, builds, installs, maintains and upgrades critical communications, utilities and infrastructure. MASTEC, INC. has offices throughout Florida and the United States. Defendant, MASTEC, INC. is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, MASTEC, INC. has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR were employed.

29. Defendant, MASTEC, INC. has employed two or more persons, including JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR, that are "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

30. Defendants, MASTEC, INC. and AT&T DIGITAL LIFE, INC. were at all times material hereto, joint employers of Plaintiffs as defined under 29 C.F.R Section 791.2.

31. MR. SANCHEZ, MR. MONTANEZ, MR. WARNER, and MR. NAZAR aver that at all times relevant to the violations of the Fair Labor Standards Act Defendant, MASTEC, INC. was an enterprises whose annual gross volume of sales made or business done is not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

32. Defendant, AT&T DIGITAL LIFE, INC. is an "employer" as defined by 29

6

U.S.C. Section 203(d). The Defendant, AT&T DIGITAL LIFE, INC., has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR were employed.

33. Defendant, AT&T DIGITAL LIFE, INC., has employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

34. JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR aver that at all times relevant to the violations of the Fair Labor Standards Act Defendant, AT&T DIGITAL LIFE, INC., was an enterprises whose annual gross volume of sales made or business done is not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

35. Plaintiffs have retained LaBar & Adams, P.A. to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

### IV. FACTUAL ALLEGATIONS

36. Plaintiffs re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34, above.

37. The Defendant, MASTEC, INC. is a company that provides communication installations. MASTEC, INC. performes communication installations, to include installing home security systems and home automation systems, for AT&T DIGITAL LIFE, INC.

7

38. JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR, as well as similarly situated technicians, were hired and employed by MASTEC, INC. to perform the communication installations for AT&T DIGITAL LIFE, INC., to include installing home security systems and home automation systems.

39. JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR, as well as similarly situated technicians, were all paid an hourly rate and would receive additional remuneration for being on call and for additional products ordered.

40. Throughout their employment, the named Plaintiffs, as well as other similarly situated technicians, had numerous workweeks where their hours exceeded forty.

41. Not only did MASTEC, INC. violated the overtime provision of the FLSA, it also failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

42. MASTEC, INC. also failed to post the required notice pursuant to the Fair Labor Standards Act.

43. MASTEC, INC. had knowledge that the named Plaintiffs, as well as other similarly situated technicians, were working overtime without proper compensation.

44. MASTEC, INC. failed to make a good faith effort to determine if the named Plaintiffs and similarly situated technicians were being compensated appropriately pursuant to the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

45. JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR bring this action on behalf of themselves and on behalf of similarly situated technicians. Specifically, they bring their claims under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional certification under 29 U.S.C. Section 216(b), and to order notices to potential opt-in technicians who were employed by MASTEC, INC. in Florida to perform communication installations for AT&T DIGITAL LIFE, INC., to include installing home security systems and home automation systems, within the previous three (3) years of filing this Complaint.

46. JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR and all the other similarly situated technicians had and have the same job duty (communication installation) and were and are paid the same (hourly).

47. MASTEC, INC. hired numerous technicians similarly situated to JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR who performed the same work, were paid the same, and were subjected to the same illegal pay practices.

48. Furthermore, JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR and all similarly situated technicians, were subject to MASTEC INC.'s pattern and standard practice of denying due overtime compensation.

49. MASTEC, INC.'s unlawful compensation practices are in willful disregard of the rights of JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR and other similarly situated technicians.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT- DEFENDANT, MASTEC, INC.

50. Plaintiffs re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 and 36 through 49 above.

51. Throughout the employment of JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR, and all other similarly situated technicians, the Defendant, MASTEC, INC. repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate the them and all other similarly situated technicians, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

52. Specifically, Plaintiffs and all other similarly-situated technicians, worked numerous weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

53. MASTEC, INC. failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

54. MASTEC, INC. failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiffs demands judgment against MASTEC, INC. for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT- DEFENDANT, AT&T DIGITA LIFE, INC.

55. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 34 and 36 through 49 above.

56. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. and MASTEC, INC. were joint employers and were engaged in a joint enterprise.

57. For the three (3) years preceding the filing of this lawsuit, MASTEC, INC. directly and indirectly acted in the interest of AT&T DIGITAL LIFE, INC. with respect to JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER, and BRIAN J. NAZAR, and all similarly situated technicians in the state of Florida.

58. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. and MASTEC, INC. shared control of the work performed by Plaintiffs and all similarly situated technicians working in the state of Florida.

59.     For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. and MASTEC, INC. were not completely disassociated with respect to the employment of Plaintiffs and all similarly situated technicians working in the state of Florida.

60.     For the three (3) years preceding the filing of this lawsuit, Plaintiffs and all similarly situated technicians helped to effectuate the common business purpose of their employers, AT&T, DIGITAL LIFE, INC. and MASTEC, INC.

61.     For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. and MASTEC, INC. had a common business purpose of performing communication installations, to include installing home security systems and home automation systems, in customers' homes.

62.     For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. and MASTEC, INC. were operationally interdependent with regards to performing communication installations, to include installing home security systems and home automation systems, in customers' homes in the state of Florida.

63.     For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. employed the Plaintiffs and all similarly situated technicians at MASTEC, INC. that performed communication installations, to include installing home security systems and home automation systems, in customers' homes throughout the state of Florida.

64. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. employed Plaintiffs and all similarly situated technicians and provided them with a vehicle that had the AT&T logo on the side.

65. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. employed Plaintiffs and all similarly situated technicians and provided them with a shirt with the AT&T logo to be worn as a uniform.

66. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. employed Plaintiffs and all similarly situated technicians and provided them with AT&T cellphones and I-Pads.

67. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. employed Plaintiffs and all similarly situated technicians and supplied the technicians with the material, such as sensors and key pads, needed to complete the installations.

68. For the three (3) years preceding the filing of this lawsuit, Plaintiffs and all similarly situated technicians would customarily and regularly contact AT&T DIGITAL LIFE, INC. to troubleshoot installations problems.

69. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. employed Plaintiffs and all similarly situated technicians and provided them with a gas card that had the AT&T logo on it.

70. For the three (3) years preceding the filing of this lawsuit, AT&T DIGITAL LIFE, INC. would contact Plaintiffs and all similarly situated technicians to advise them if a customer cancelled an installation and direct the technician to another job.

71. For the three (3) years preceding the filing of this lawsuit, Plaintiffs and all similarly situated technicians would contact AT&T DIGITAL LIFE, INC. if a customer cancelled.

72. Throughout the employment of the named Plaintiffs and all other similarly situated technicians, the Defendant, AT&T DIGITAL LIFE, INC., repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate the named Plaintiffs and all other similarly situated technicians, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

WHEREFORE, Plaintiffs demands judgment against Defendant, AT&T DIGITAL LIFE, INC., for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Dated: 4/8/15

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)