# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE LUIS SANCHEZ CORDERO, LUIS G. MONTANEZ, ALEX A. WARNER and BRIAN J. NAZAR,**

    **Plaintiffs,**

**v.**                                                     **Case No:  6:15-cv-572-Orl-31KRS**

**MASTEC, INC. and AT&T DIGITAL LIFE, INC.,**

    **Defendants.**

## ORDER

This matter is before the Court on the Motion by Defendants to Compel Arbitration (Doc. 17), Plaintiffs' Memorandum in opposition (Doc. 18), and Defendants' Reply (Doc. 25).

By their Complaint, Plaintiffs seek to recover overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA").[1] Although, set forth in separate counts, Plaintiffs' claim is that both Defendants, Mastec, Inc. ("Mastec") and AT&T Digital Life, Inc. ("AT&T"), were joint employers of Plaintiffs in connection with their business of installing home security systems (Doc. 1, para. 30).

Each of the Plaintiffs signed an acknowledgement of and agreed to be bound by Mastec's Dispute Resolution Policy ("DRP"), which "applies to any dispute arising out of, or *related to*, the employee's employment with or termination of employment with Mastec, Inc." (Doc. 17-1) (emphasis added). The policy unambiguously states that all disputes will be resolved by

---

[1] Plaintiffs seek certification of this case as a collective action on behalf of similarly-situated employees.

arbitration, including employment-related disputes under the FLSA. (*Id.*).[2] The Court finds, therefore, that Plaintiffs are contractually bound to submit their claims to the arbitration process delineated in Mastec's Dispute Resolution Policy.[3]   It is, therefore

**ORDERED** that Defendants' Motion to Compel is GRANTED.   This case is STAYED, pending resolution by arbitration.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 27, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] The DRP also prohibits a collective action in this circumstance. (Doc. 17-1, p. 5).

[3] Although AT&T was not a signatory to the DRP, the claim against AT&T as a joint employer is inseparable from and clearly related to the claims against Mastec.   Plaintiffs are therefore obligated to arbitrate their claim against AT&T as well as Mastec.   *See, e.g., Maldonado v. Mattress Firm, Inc.*, 2013 WL 2407086 (M.D. Fla. June 3, 2013).